**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISON**

| | |
|---|---|
| PERLA CALDERON<br><br>Plaintiff,<br><br>v.<br><br>ASSET RECOVERY ASSOCIATES,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>2. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PURSUANT TO 47 U.S.C. § 227;**<br><br>3. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

**NOW COMES** PERLA CALDERON ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of Defendant ASSET RECOVERY ASSOCIATES ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer

1

Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of California, Defendant conducts business in the Eastern District of California, and all of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of California.

6. Defendant's principle office is located at 1919 South Highland Ave., Suite 225A, Lombard, Illinois 60148.

7. Defendant acted through its agents, vendors, employees, officers, members, directors, heirs, third party contractors, successors, assigns, principals, trustees, sureties, third-party contactors, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. On May 28, 2019, Plaintiff's father received an unfamiliar collection call from Defendant, attempting to collect on an alleged Fireside Bank credit card debt.

9. Plaintiff's father never owned a credit card and Plaintiff's father does not speak fluent English.

10. After Plaintiff's father received Defendant's collection call, he informed Plaintiff about Defendant's phone call. Plaintiff immediately contacted Defendant to inquire why Defendant was calling Plaintiff's father.

11. Plaintiff called Defendant and then ultimately transferred to an agent of Defendant by the name of "Robert."

12. Robert falsely informed Plaintiff that her father allegedly owes an outstanding credit card balance in the amount of $9,000.00 and that Defendant is willing to settle the matter for $2,450.00.

13. Plaintiff explained to Defendant that her father never owned a credit card and the alleged debt does not belong to him.

14. Defendant falsely communicated to Plaintiff that her father did own a credit card and the last activity on the card was in 2001.

15. Plaintiff *again* informed Defendant that her father never owned a credit card.

16. Defendant falsely communicated that Plaintiff's father will be responsible for the entire $9,000.00 balance and a Judge will not care for Plaintiff's explanation. Defendant then demanded that Plaintiff's father make a $600.00 payment in order to secure the account.

17. Defendant placed numerous harassing and threatening phone calls to Plaintiff's cellular telephone. Plaintiff then demanded that Defendant cease calling her.

18. Plaintiff's demand that Defendant's phone calls cease went unheeded and Defendant continued its phone harassment campaign.

19. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of 'dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

20. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the alleged debt.

21. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

22. The phone numbers that Defendant most often used to contact Plaintiff are (630) 358-6966, (630) 358-6869, and (630) 358-6861, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

23. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

**DAMAGES**

24. Defendant's harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

26. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

27. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

30. The alleged debt is a "debt" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

32. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

33. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

34. Defendant's communications to Plaintiff was made in connection with the collection of the subject debt.

35. Defendant violated 15 U.S.C. §§1692b(3), c(a)(1), d, d(5), e, and f through its unlawful debt collection practices.

    **a. Violations of the FDCPA § 1692b**

36. Defendant violated §1692b(3) by contacting Plaintiff more than once. Defendant placed numerous harassing phone calls to Plaintiff's cellular phone without her consent in relation to an alleged debt not owed by her or her father.

5

### b. Violations of the FDCPA § 1692c

37. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop calling her. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone repeatedly after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into convincing her father to satisfy the alleged debt.

38. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's plea with the goal of annoying and harassing her into submission.

39. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

### c. Violations of the FDCPA § 1692e

40. Defendant violated §1692e by engaging in false, deceptive, and misleading representation in connection to the alleged debt.

41. Specifically, Defendant falsely communicated to Plaintiff that if her father did not satisfy the subject debt, then a Judge would rule against Plaintiff's father. Defendant's misleading representations caused Plaintiff to panic and worry for her father.

### d. Violations of the FDCPA § 1692d

42. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking her father to make an immediate payment on the alleged debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease.

43. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from May 2019 through the present day.

    e. **Violations of 15 U.S.C § 1692f**

44. Defendant violated §1692f by using unfair and unconscionable means in connection to the collection of the subject debt.

45. Defendant unconscionably continued to contact Plaintiff after she demanded Defendant cease contacting her. Defendant harassing conduct was unfair because it attempted to annoy and harass Plaintiff to a breaking point in hopes that Plaintiff would submit to Defendant's harassing calls.

46. Furthermore, Defendant unfairly communicated to Plaintiff that a Judge would rule against her father and he would have to pay the entire amount owed on the alleged debt. Defendant used such unconscionable means in order to worry Plaintiff.

47. As pled above, Plaintiff was severely harmed by Defendant's harassing conduct.

48. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls and using false threats.

49. Upon information and belief, Defendant systematically places unsolicited and harassing and abusive debt collection calls to consumers in California in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

**WHEREFORE**, Plaintiff, PERLA CALDERON, respectfully requests that this Honorable Court grant the following:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

50. Plaintiff restates and realleges paragraphs 1 through 49 as though fully set forth herein.

51. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

52. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

53. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

54. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

55. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between May 2019 and the present day, using an ATDS without her prior consent.

56. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations.

57. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

58. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

59. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

60. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

61. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff PERLA CALDERON respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

62. Plaintiff restates and realleges paragraphs 1 through 61 as though fully set forth herein.

63. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

64. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

65. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.11(d)

66. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

67. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite her demands it ceases, was done with the purpose of annoying and scaring Plaintiff.

### b. Violations of RFDCPA § 1788.11(e)

68. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

69. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone despite her demands was unreasonable and harassing. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately convince her father to make a payment on the alleged debt. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiff's pleas with the intent of harassing her.

**WHEREFORE**, Plaintiff, PERLA CALDERON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.


Dated: June 24, 2019                    Respectfully submitted,

                                                By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Fascimile: (866) 286-8433
Email: nick@wajdalawgroup.com